Argued February 11, affirmed February 25, 1959

· ·MOORE v. SATER ET AL

335 P. 2d 843

Floyd D. Moore, pro se, B. G. Skulason, Portland, for appellant.

Don Eva and Bartlett Cole, Portland, for respondent.

PERRY, J.

This is a libel action brought by the plaintiff Floyd D. Moore, an attorney duly licensed to practice law in the state of Oregon, against the defendants, who reside in Portland, Oregon.

The plaintiff, in general, alleges in his complaint that he is a reputable attorney practicing in Portland, and a friend of and had been attorney for one Hulda Hollander and her deceased husband. That Hulda Hollander desired to transfer her real property to the plaintiff and his wife, and this she did. She also named the plaintiff executor and residuary legatee in her will. In August, 1954, plaintiff, upon advice of a psychiatrist, caused Mrs. Hollander to be committed to the Eastern Oregon State Hospital and later in that month he petitioned the probate department of the circuit court of Multnomah County to be appointed guardian of the person and estate of Mrs. Hollander. Thereafter the defendants, describing themselves as neighbors and friends of Mrs. Hollander, filed a written document with the circuit court protesting the appointment of the plaintiff as guardian of the person and estate of Mrs. Hollander, in which they stated plaintiff "served said Hulda Hollander as a confidant,

and while laboring under mental adversities said Floyd D. Moore [plaintiff] induced said Hulda Hollander, and said Hulda Hollander did them and there on or about October 28, 1953, convey to said Floyd D. Moore title to said real property, reserving in herself a life estate, and in addition thereto, said Hulda Hollander paid and delivered unto said Floyd D. Moore all property to her belonging, except and for a sum or sums amounting to $500.00 or thereabouts as the petition of said Floyd D. Moore indicates." From this allegation and others, the plaintiff by innuendo draws the conclusion that the plaintiff was libelled because it was stated he had wrongfully deprived Mrs. Hollander of her property and caused her wrongfully to be incarcerated in the state hospital.

The defendants filed a demurrer to plaintiff's complaint. The trial court sustained the demurrer and the plaintiff has appealed.

It is the contention of the plaintiff that the statements made by the defendants in their protest against his appointment were libelous per se and not being absolutely privileged, the demurrer was erroneously sustained.

■ It is a rule of law of general application that statements made in pleadings filed in a judicial proceeding if relevant to the issue, although libelous, are absolutely privileged and no action will lie based on the statements made. *Grubb v. Johnson et al.*, 205 Or 624, 289 P2d 1067; *McKinney v. Cooper*, 163 Or 512, 98 P2d 711.

In *Grubb v. Johnson*, supra, we approved the statement of the general rule found in 33 Am Jur 123, Libel and Slander § 125, as follows:

"An absolutely privileged communication is one in respect of which, by reason of the occasion on

which, or the matter in reference to which, it is made, no remedy can be had in a civil action, however harsh it may bear upon a person who claims to be injured thereby, and even though it may have been made maliciously.

"The class of absolutely privileged communications is narrow and is practically limited to legislative and judicial proceedings and other acts of state, including, it is said, communications made in the discharge of a duty under express authority of law, by or to heads of executive departments of the state, and matters involving military affairs. The privilege is not intended so much for the protection of those engaged in the public service and in the enactment and administration of law, as for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers, and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for the recovery of damages."

It is the plaintiff's contention the defendants were not parties to these proceedings and, therefore, cannot claim the privilege granted litigants.

■ If those named by statute as necessary parties are the only permissible parties, the plaintiff is correct, for the only necessary parties to a proceeding for the appointment of a guardian for an incompetent person is the petitioner, the incompetent, and the person having custody and control of the incompetent. ORS 126.120, 126.125, 126.130.

■ We are of the opinion, however, that a court of probate jurisdiction has discretion to permit those who have knowledge of situations or conditions to appear as parties in a proceeding relating to the appointment of a guardian to aid the court in its judicial determination. In Re Mignerey, 11 Wash2d 42, 118 P2d 440. For all that appears in plaintiff's complaint, the

probate department of the circuit court of Multnomah County did just this by considering these objections to the plaintiff's petition for appointment.

There can be no question of the relevancy of the allegations made in defendants' petition filed in the circuit court, as alleged in plaintiff's complaint. These allegations of themselves show a conflict of interest between the plaintiff and Mrs. Hollander. For, while it would be of benefit to the plaintiff to conserve the estate of Mrs. Hollander, the restriction of expenditures might work to the detriment of the ward's welfare.

██ The plaintiff also argues that for a party to appear as a permissible party in such a proceeding, he must be a party who is to be benefited or injured by the judgment of the court, that is, be a real party in interest. The general statutory proviso that "every action or suit shall be prosecuted in the name of the real party in interest" (ORS 13.030) has no application to a proceeding for the appointment of a guardian. Such a proceeding is neither an action or a suit, but is equitable in nature, designed for the protection of those who are so unfortunate as to be unable to protect themselves. It is not an adversary proceeding for the benefit of those who may later have an interest in an incompetent's property, although they may indirectly benefit from the conservation of the incompetent's estate.

Likewise, guardianship proceedings are governed by their own statutory requirements and we find no requirement that even the person petitioning the appointment of a guardian have a beneficial interest in the outcome of the proceedings.

There is no merit in this contention of the plaintiff's.

■ Since in our view the petition of the defendants' was properly filed in the trial court as a part of its proceedings, and the statements in the defendants' petition objecting to the appointment of the plaintiff are relevant and privileged, it is not necessary to determine whether or not they are, in fact, libelous.

The judgment of the trial court is affirmed.